**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| FelCor Lodging Limited | ) | Civil Action No. 4:09-02843-JMC |
| Partnership and FelCor/JPM | ) | |
| Hospitality (SPE), LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Kingston Concierge, LLC, Michael | ) | **OPINION AND ORDER** |
| LaVigna, Babaloos, Inc. d/b/a EXIT | ) | |
| Grand Strand Properties, CASE | ) | |
| Solutions, LLC, and M K LaVigna, | ) | |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This trademark infringement action arises out of a dispute surrounding the use of the

name "KINGSTON" in Horry County, South Carolina. Plaintiffs, FelCor Lodging Limited

Partnership ("FLLP") and FelCor/JPM Hospitality (SPE), LLC ("JPM") (collectively,

"Plaintiffs"), filed this action against Defendants, Kingston Concierge, LLC ("Kingston

Concierge"), Michael LaVigna ("LaVigna"), Babaloos, Inc. d/b/a EXIT Grand Strand Properties

("EXIT"), CASE Solutions, LLC ("CASE"), and M K LaVigna, Inc. ("MKL"), alleging claims

for violation of the Lanham Act ("Lanham Act"), 15 U.S.C. §§ 1051-1127, by infringing on a

federally registered trademark (Count I); violation of the Lanham Act by use of false designation

of origin (Count II); a common law claim for trademark and service mark infringement (Count

III); a common law claim for dilution of mark and injury to business reputation (Count IV); a

common law claim for unfair competition (Count V); a common law claim for unjust enrichment

(Count VI); violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-

10 to -160 (Count VII); Violation of the Lanham Act by cyberpiracy (Count VIII); and a common law claim for civil conspiracy (Count IX). (ECF No. 1.)

This matter is before the court on Plaintiffs' renewed motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and motion for entry of a permanent injunction pursuant to Fed. R. Civ. P. 65. (See ECF No. 138.) Kingston Concierge, LaVigna, and MKL, the defendants remaining in the action (collectively, "Defendants"), oppose Plaintiffs' dispositive motion asserting that multiple issues of material fact exist precluding an award of summary judgment and/or permanent injunction to Plaintiffs. (ECF No. 141.) For the reasons set forth below, the court **DENIES** Plaintiffs' motion for summary judgment and motion for permanent injunction.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Defendants are as follows.

FLLP owns and operates the Kingston Plantation resort, a 145 acre mixed use destination resort in Horry County, South Carolina located near Myrtle Beach. (ECF No. 85-12, p. 2 ¶ 6.) FLLP claims ownership of the trade names and marks "KINGSTON," "KINGSTON PLANTATION," and "KINGSTON RESORTS." (Id. at ¶ 8.) JPM claims ownership of the trade names and marks "KINGSTON SHORES," "KINGSTON SHORES" (stylized and/or with designs), and "ROYALE PALMS AT KINGSTON SHORES." (Id.) Plaintiffs collectively refer to these trade names and marks as the "KINGSTON Marks." (Id.) Plaintiffs use KINGSTON Marks in conjunction with their real estate services, such as condominium rental services, unit management services, and reservations services. (Id. at ¶ 13.)

On February 25, 2009, Defendants formed the entity "Kingston Concierge, LLC." (ECF No. 141-5, p. 3.) On May 6, 2009, Kingston Concierge sent a mailer to owners in Kingston

Plantation announcing that it was offering competitive owner services, including housekeeping, unit inspection, repairs, engineering, maintenance, and key drop off and pickup. (ECF No. 141-6, pp. 2-3.) Kingston Concierge sent out a second mailer on August 21, 2009 to unit owners in the Kingston Plantation to remind them about the new owner services provided by Kingston Concierge and to emphasize that these services were an alternative to Plaintiffs' affiliated rental programs. (ECF No. 141-18, pp. 2, 3.)

In early June 2009, Defendants received a cease and desist letter from Plaintiffs' attorney regarding use of the name "Kingston Concierge." (ECF No. 141-7, pp. 2-6.) Defendants responded with a letter refusing to cease operations pursuant to the name Kingston Concierge. (ECF No. 141-21, pp. 2-6.)

As a result of Defendants' failure to cease using the name Kingston Concierge, Plaintiffs filed a summons and complaint in this court on October 10, 2009, alleging the aforementioned nine causes of action. (ECF No. 1.) On December 14, 2009, Defendants filed an answer denying liability to Plaintiffs. (ECF No. 7.) On January 4, 2010, Defendants filed an amended answer denying liability to Plaintiffs and, in addition, asserted counterclaims against Plaintiffs for civil conspiracy (Counterclaim I), conversion (Counterclaim II), violation of the Lanham Act by procuring marks through fraudulent means (Counterclaims III & IV), and tortious interference with contract (Counterclaim V). (ECF No 16.) On February 1, 2010, Plaintiffs answered Defendants' counterclaims denying liability to Defendants. (ECF No. 25.)

On February 1, 2010, EXIT and CASE filed motions pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the allegations in Plaintiffs' complaint against them. (ECF Nos. 31, 32.) On March 18, 2010, Plaintiffs and CASE filed a stipulation dismissing the complaint against CASE. (ECF No. 42.) Also on March 18, 2010, Plaintiffs filed opposition to EXIT's motion to dismiss and, in

the alternative, asked the court for leave to amend the complaint to clarify the allegations against EXIT. (ECF Nos. 40, 41.) On May 18, 2010, the court granted Plaintiffs' motion to amend the complaint, which amended pleading was filed later that day. (ECF No. 54, 55.) Defendants answered the amended complaint and reasserted their counterclaims against Plaintiffs on June 7, 2010. (ECF No. 62.) On July 1, 2010, Plaintiffs answered Defendants' counterclaims denying liability to Defendants. (ECF No. 66.) On July 9, 2010, Plaintiffs and EXIT filed a stipulation dismissing Plaintiffs' claims against EXIT. (ECF No. 69.)

On August 24, 2010, Plaintiffs moved for summary judgment pursuant to Fed. R. Civ. P. 56 and for entry of a permanent injunction pursuant to Fed. R. Civ. P. 65. (ECF No. 82.) Defendants filed opposition to Plaintiffs' motions on September 27, 2010, to which Plaintiffs filed a reply in support on October 7, 2010. (ECF Nos. 102, 104.) On February 22, 2011, the court entered a text order finding as follows:

> Inasmuch as there appear to be genuine issues of material fact, the Court finds that granting summary judgment at this stage would be inappropriate. The Court further notes that several discovery motions are currently pending before the Magistrate Judge which may affect the parties' arguments on summary judgment and it would be premature to address the merits of this case before the completion of discovery. Therefore, Plaintiffs' Motion for Summary Judgment [ECF No.] 82 is hereby denied without prejudice. Dispositive motions may be filed upon the completion of discovery and within the time as set forth in the scheduling order issued by the Magistrate Judge. (ECF No. 115.)

On July 6, 2011, after completion of discovery, Plaintiffs renewed their motion for an order granting (1) summary judgment as to Plaintiffs' claims for trademark infringement (Counts I & III), false designation of origin (Count II), unfair and deceptive trade practices under South Carolina law (Count VII), and federal cyberpiracy (Count VIII); (2) summary judgment on all Defendants' counterclaims against Plaintiffs; and (3) a permanent injunction prohibiting Defendants from using Plaintiffs' registered marks and common law trademarks. (ECF No.

138.)  Defendants filed opposition to Plaintiffs' motion for partial summary and motion for entry of a permanent injunction on July 25, 2011, to which Plaintiffs filed a reply on August 4, 2011. (ECF Nos. 141, 143.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Standard

#### 1. Summary Judgment

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."  Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289  (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson, 477 U.S. at 249.  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).  A party cannot create a genuine issue

of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec.9, 2009).

2.    Plaintiffs' Motion for Summary Judgment and Motion for Permanent Injunction

Although Plaintiffs style their motions "renewed" motions, the motions in fact differ very little from Plaintiffs' initial motions for summary judgment and permanent injunction, which motions were previously denied by the court. In the earlier ruling, the court found that there were "genuine issues of material fact" that would make granting summary judgment and/or permanent injunction to Plaintiffs inappropriate. (ECF No. 115.) Upon review of Plaintiffs' renewed motions, the court finds that Plaintiffs have not presented any new evidence or argument that would suggest a need for altering the court's previous determination. Therefore, the court finds that Plaintiffs' submissions have not set forth sufficient evidence to entitle them to summary judgment as a matter of law on either Plaintiffs' claims or Defendants' counterclaims. Accordingly, the court, consistent with its prior ruling, denies Plaintiff's motion for summary judgment and motion for entry of a permanent injunction.

## III.    CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the renewed motion for partial summary judgment and motion for entry of a permanent injunction of Plaintiffs, FelCor Lodging Limited Partnership and FelCor/JPM Hospitality (SPE), LLC. (ECF No. 138.)

6

**IT IS SO ORDERED**.


_J. Michelle Childs_

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 29, 2012
Greenville, South Carolina